[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff commenced this action by Summons and Complaint dated December 7, 1998 seeking visitation with his daughter. Alexandra Pokoski, born July 20, 1995. The defendant is the mother of said child. In his complaint the plaintiff alleges that he is the father.
The defendant filed an answer and cross-complaint dated December 11, 1998. The answer denies that the plaintiff is the father and should be denied visitation. However, in her cross-complaint she claims the plaintiff has never acknowledged paternity. Further, if the plaintiff acknowledges paternity the defendant's prayer for relief includes a request for supervised visitation, child support in accordance with the guidelines and child support calculated back to July 20, 1995, the date of the child's birth. This memorandum will only deal with the issue of child support and whether the plaintiff should be ordered to pay child support from the date of the child's birth.
On January 13, 1999 the court (Gruendel, J.) ordered, inter alia, that the "The parties shall return to court on 1/27/99 to discuss financial issues". On January 27, 1999 the court (Moore, J.) ordered, inter alia, that "The P shall pay C.S. in the amount of $200/week until such time as his actual income can be ascertained. Any amount due or any credit over or below the CT Page 3766 $200/week shall be retroactive to 1/13/99". On December 1, 1999 this court ordered the plaintiff to pay $266 per week current child support together with $9 for medical insurance and $109 for daycare. Further, this court ordered the plaintiff to pay 20% of $375 on the arrearage which was found to be a minimum of $4,000 from January 1, 1999.
The defendant is also seeking attorney's fees in the amount of $10,000 in connection with this matter. For the reasons hereinafter set forth the request is denied.
On or about March 1, 1996 the parties entered into an agreement whereby the plaintiff acknowledged that he was the father of the child. Further, the parties agreed that the plaintiff would pay $400 per month child support. The defendant signed a letter agreement dated October 11, 1996 memorializing the earlier agreement which was also in writing. The court finds that both parties entered into these agreements willingly with full knowledge of their financial impact. It should be noted that the defendant did not seek a court order until the plaintiff brought this action for visitation knowing that the court would determine the child support issue.
The court heard the testimony of the parties on November 19 and December 1, 1999. Much of the testimony involved the extent to which the plaintiff had been involved in the child's life. Further testimony was elicited from Doctor Rachel Sifrey, a licensed clinical psychologist.
Reunification therapy has commenced with the cost being borne by the plaintiff. There was conflicting testimony as to the amounts actually paid by the plaintiff to the defendant since 1996 as well as amounts allegedly paid by the plaintiff for purchases and other expenses for the benefit of the child.
After reviewing the testimony and briefs filed by the parties the court finds that the agreement of the parties is controlling up to and including January 13, 1999 and any amounts due and owing by the plaintiff shall be paid at the rate of $100 per month. The plaintiff shall only receive credit for the amounts he actually paid pursuant to the agreements personally or through a third person.
Any claim he makes for "extras" shall be disregarded. Effective January 13, 1999 the plaintiff is ordered to pay child support in CT Page 3767 accordance with the child support guidelines in existence at the time less any amounts he has paid since that date. Any arrearage shall be paid by the plaintiff to the defendant in three equal monthly installments commencing with the first payment being made one month from the date of this decision. Orders shall enter accordingly.
John R. Caruso, J.